# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>   v.<br><br>THE FOLLOWING DOMAIN NAMES:<br><br>ROJADIRECTA.ORG, and<br>ROJADIRECTA.COM,<br><br>                     Defendants *in rem*. | Civil Action No. 1:11-cv-04139-PAC<br><br>**CLAIMANT PUERTO 80 PROJECTS, S.L.U.'S MOTION TO AMEND AND CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)** |

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................................1

II. BACKGROUND .................................................................................................................1

III. ARGUMENT.......................................................................................................................2

    A.  Controlling Question of Law ..................................................................................2

    B.  Substantial Ground for Difference of Opinion ........................................................4

    C.  Advancement of Ultimate Termination of the Litigation ........................................6

IV. CONCLUSION....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Recording Corp. v. Howell*,
 554 F. Supp. 2d 976 (D. Ariz. 2008) ..................................................................................... 5

*Capitol Records Inc. v. Thomas*,
 579 F. Supp. 2d 1210 (D. Minn. 2008) ................................................................................... 5

*Perfect 10, Inc. v. Amazon.com, Inc.*,
 508 F.3d 1146 (9th Cir. 2007) ............................................................................................ 4, 5

**Statutes**

17 U.S.C. § 106 ................................................................................................................................ 5

17 U.S.C. § 506(a) ................................................................................................................... passim

18 U.S.C. § 2319 .............................................................................................................................. 1

18 U.S.C. § 2323 (a)(1)(A)-(B) ....................................................................................................... 1

28 U.S.C. § 1292(b) ............................................................................................................ 1, 2, 4, 6

**Other Authorities**

16 Charles Alan Wright et al.,
 Fed. Prac. & Proc. Juris.  § 3930 (2d ed.) .............................................................................. 6

I.      INTRODUCTION

Claimant Puerto 80 Projects, S.L.U. ("Puerto 80") respectfully requests this Court to amend and certify, pursuant to 28 U.S.C. § 1292(b), the Court's December 6, 2011 ruling on Puerto 80's motion to dismiss.  As set forth more fully below, the following question meets the requirements of § 1292(b):  Does linking to another website—by purposefully aggregating links to extremely specific content and actively organizing those links in a focused, logical manner—satisfy the element of "copying" sufficient to state a claim for direct copyright infringement under 17 U.S.C. § 506(a)?

II.     BACKGROUND

On June 17, 2011, following its seizure of two domain names—rojadirecta.com and rojadirecta.org—belonging to Puerto 80 ("Rojadirecta" or "the "Domain Names"), the government filed a forfeiture complaint pursuant to 18 U.S.C. § 2323 (a)(1)(A)-(B).  According to the complaint, the Domain Names are subject to forfeiture "because there is probable cause to believe that they constitute property used or intended to be used to willfully infringe a copyright in violation of 18 U.S.C. § 2319. . . ."  Compl. ¶ 24., ECF No. 1 ("Compl.").  18 U.S.C. § 2319 prescribes criminal penalties for willful copyright infringement under 17 U.S.C. § 506(a).

On August 5, 2011, Puerto 80 filed a motion to dismiss the government's complaint on several grounds.  Among those grounds was the government's failure to allege facts supporting one of the elements of 17 U.S.C. § 506(a)—the element of distribution.  As Puerto 80 argued in its motion, the government failed to allege that Puerto 80 copied any works.  Instead, the complaint alleged that Rojadirecta merely hosted links to content that already exists on the Internet.  *See, e.g.*, Compl. ¶ 11 ("The Defendant Domain Names resolve to 'linking' websites."); ¶ 12 ("[A]gents discovered that 'linking' websites generally collect and catalog links to files on third-party websites . . .") (footnote omitted); ¶ 14(c) (stating that "the content

1

[accessed from the Rojadirecta site] ran on a live stream from another website. . . .") (emphasis added).  Courts have held time and time again that such linking does not amount to copying and cannot state a claim for direct copyright infringement.  *See* Mem. in Supp, of Claimant's Mot. to Dismiss, ECF No. 18 ("Mot. Dismiss"), at 6-7 (citing cases).

In its opposition, the government sought to distinguish Puerto 80's conduct from the multitude of cases that have held that linking does not give rise to liability for direct copyright infringement, by arguing that Puerto 80 "purposefully aggregated extremely specific content and actively organized that material in a focused, logical manner (for example, by day and time) on the Rojadirecta website."  Government's Mem. of Law in Opp'n to the Mot. to Dismiss, ECF No. 23 ("Opp'n"), at 12-13, n.7.  The Court held that such allegations are sufficient to state a claim of direct liability under Section506(a).  *See* Transcript of Hearing at 40:7-23, December 6, 2011 ("Tr.").

## III.   ARGUMENT

Section 1292(b) authorizes the Court to render an otherwise unappealable order (such as an order on a motion to dismiss) immediately appealable if (1) it involves a "controlling question of law," (2) "there is substantial ground for difference of opinion" on that legal issue, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Each of those requirements is met here.

### A.   Controlling Question of Law

Puerto 80's motion to dismiss plainly involved a "controlling question of law"—namely, whether Puerto 80 can be found liable for direct copyright infringement by virtue of hosting links to infringing content.  As the complaint acknowledges, there is no dispute that the Rojadirecta sites do not host any of the material that was allegedly being infringed.  Instead, the complaint alleges that Rojadirecta was a "linking" website, which the government describes as one that

provides links to files on third-party websites.  Compl. ¶¶ 12, 14(a), (c).  The complaint also asserts that the Rojadirecta site "provided links to daily live sporting events and Pay-Per-View events, as well as downloadable sporting events . . . previously aired," *id*. ¶ 14(a), and that the content linked to from the Rojadirecta website "ran on a live stream from another website," *id*. ¶ 14(c).  As noted in Puerto 80's motion to dismiss and acknowledged by the government during oral argument, there is no allegation that any infringing content is hosted by the Rojadirecta site itself.  Tr. at 23:4-7.

Instead, the government sought to distinguish Puerto 80's conduct from mere linking by arguing that Puerto 80 had infringed copyright "because it purposefully aggregated extremely specific content and actively organized that material in a focused, logical manner (for example, by day and time) on the Rojadirecta website."  Opp'n at 12-13, n.7.  The Court held that such allegations are sufficient to state a claim of direct liability under copyright law:

> With respect to the second element, an "act of infringement," the government alleges that Rojadirecta Domain Names "purposely aggregated extremely specific [illegal] content and actively organized the material in a focused, logical manner."  The government's allegations at this state are sufficient to show direct infringement because the Domain Names conduct involved a volitional aspect.  Even if criminal copyright infringement cannot be based on allegations of "contributory infringement" – and I do not so hold – the government's allegations are still adequate.  The government alleges that Rojadirecta Domain Names disseminated the copyrighted worked by providing links which when clicked took the user to a new window bearing the URL "rojadirecta" that broadcast unlawful copies of live streaming sport events from another website.  This is sufficient allegation at this juncture that Rojadirecta Domain Names distributed the copyrighted works.  That's in paragraph 14(c) of the complaint.

Tr. at 40:7-23.

Puerto 80 contends that it cannot be held directly liable for copyright infringement— whether links to specific content are purposefully aggregated or not—because merely linking to

3

other websites which already exist on the Internet cannot establish direct copyright liability as a matter of law.  Thus, the controlling question of law is whether linking to another website—by purposefully aggregating links to extremely specific content and actively organizing those links in a focused, logical manner—satisfy the element of "distribution" sufficient to state a claim for direct copyright infringement under 17 U.S.C. § 506(a).

   **B.**  **Substantial Ground for Difference of Opinion**

  The second prong of Section 1292(b)—that "there is substantial ground for difference of opinion" on that legal issue is also satisfied.  In its motion to dismiss, Puerto 80 cited numerous cases from various circuits, including authority from within this Circuit, that linking does not give rise to direct copyright liability.  *See* Mot. Dismiss, at 6-7.  In its opposition, the government sought to distinguish the cases cited by Puerto 80 by arguing that "[i]n those cases, the courts' findings were largely predicated on the lack of active or volitional conduct by the alleged infringing entity."  Opp'n at 12-13, n.7.

  However, none of the cases makes any such distinction.  To the contrary, the analysis in these cases hinges on whether any copying occurred, not whether the defendant actively participated in the aggregation of links.  For instance, in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir. 2007), the Ninth Circuit held that the party from whose site content is actually transmitted and subsequently displayed on the end-user's screen is responsible for display, not the search engine that merely links to that content.  The Court noted that Google's search engine searches its database for websites responsive to a query and then "sends ***relevant*** information from its index of websites to the user's computer."  *Perfect 10, Inc.*, 508 F.3d at 1155 (emphasis added).  As the *Perfect 10* court put it (in the context of linking to images rather than videos):

> Instead of communicating a copy of the image, Google provides HTML instructions that direct a user's browser to a website publisher's computer that stores the full-size photographic image. Providing these HTML instructions is not equivalent to showing a copy. First, the HTML instructions are lines of text, not a photographic image. Second, HTML instructions do not themselves cause infringing images to appear on the user's computer screen. The HTML merely gives the address of the image to the user's browser. The browser then interacts with the computer that stores the infringing image. It is this interaction that causes an infringing image to appear on the user's computer screen. Google may facilitate the user's access to infringing images. However, such assistance raises only contributory liability issues, *see Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005), *Napster*, 239 F.3d at 1019, and does not constitute direct infringement of the copyright owner's display rights.

*Perfect 10, Inc.*, 508 F.3d at 1161. Significantly, the government cited no authority for the proposition that linking under any circumstances constitutes direct infringement under 17 U.S.C. § 506(a).

      Nor can the government show that Puerto 80 has engaged in distribution as the Copyright Act defines that term. Distribution requires the physical movement of copies of a work to the public. The links on the Rojadirecta web sites do not in fact disseminate copies of any work to the public. At most, the government can allege that the sites facilitate other sites making copyrighted works available to the public. But the majority of courts to consider the issue have concluded that merely making a work available to the public is insufficient, because there is no "making available" right in 17 U.S.C. § 106. *See, e.g.*, *Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 983 (D. Ariz. 2008) ("§ 106(3) is not violated unless the defendant has actually distributed an unauthorized copy of the work to a member of the public"); *Capitol Records Inc. v. Thomas*, 579 F. Supp. 2d 1210, 1221 (D. Minn. 2008) ("Equating making available with distribution would undermine settled case law holding that merely inducing or encouraging

5

another to infringe does not, alone, constitute infringement unless the encouraged party actually infringes.").

In short, this Court's holding adopts a legal theory that is at odds with the conclusions drawn by most courts to consider the issue. The Second Circuit has not yet had an opportunity to decide these issues, but the overwhelming authority in other decisions to the contrary surely creates a substantial ground for difference of opinion.

### C. Advancement of Ultimate Termination of the Litigation

Finally, an immediate appeal will materially advance the ultimate termination of the litigation. If this Court were to adjudicate the case even though the government's theory of liability lacked legal basis, an eventual reversal by an appellate court would pose a great cost to both the federal judiciary and the parties. "If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." 16 Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 3930 (2d ed.). Stating a valid claim is no different.

### IV. CONCLUSION

For all these reasons, Puerto 80 respectfully requests the Court to amend its order to state that the requirements of 28 U.S.C. § 1292(b) have been satisfied, and certify for appeal to the Second Circuit the controlling legal question of whether linking to another website—by purposefully aggregating links to extremely specific content and actively organizing those links in a focused, logical manner—satisfies the element of "copying" sufficient to state a claim for direct copyright infringement under 17 U.S.C. § 506(a).

Respectfully submitted,

DURIE TANGRI LLP

Dated: December 27, 2011						By:  */s/ Johanna Calabria*
											Johanna Calabria

|  |  |
|---|---|
| David Spears | Mark A. Lemley (*Pro Hac Vice*) |
| Charlita Mays | Ragesh K. Tangri (*Pro Hac Vice*) |
| SPEARS & IMES LLP | Johanna Calabria (SBN JC3915) |
| 51 Madison Avenue, 25th Floor | Genevieve P. Rosloff (*Pro Hac Vice*) |
| New York, NY 10010 | 217 Leidesdorff Street |
| Tel. (212) 213-6996 | San Francisco, CA  94111 |
|  | Tel. (415) 362-6666 |
| *Attorneys for Claimant* | *Attorneys for Claimant* |
| PUERTO 80 PROJECTS, S.L.U. | PUERTO 80 PROJECTS, S.L.U. |

7