UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA             :    11 Civ. 4139 (PAC) (FM)

              - v. -                 :    ECF Case

THE FOLLOWING DOMAIN NAMES:          :

ROJADIRECTA.ORG, and                 :
ROJADIRECTA.COM,
                                     :
              Defendants-in-rem.
                                     :
------------------------------------- x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANT PUERTO 80 PROJECTS, S.L.U.'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Christopher D. Frey
Andrew D. Goldstein
Assistant United States Attorneys
    - Of Counsel -

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................. 1

BACKGROUND .................................................................. 1

ARGUMENT ...................................................................... 3

    I.    PUERTO 80'S MOTION SHOULD BE DENIED FOR FAILING
         TO MEET THE STRINGENT REQUIREMENTS OF
         28 U.S.C. § 1292(b) .................................................. 3

         A.    The Question Puerto 80 Seeks To Certify Does Not Present
              A Pure "Question of Law" Under Section 1292(b) ............... 5

         B.    The Question Puerto 80 Seeks To Certify Is Not A "Controlling"
              Question of Law And Resolution Of This Dispute Will Not
              Materially Advance The Ultimate Termination Of This Litigation ..... 7

         C.    Puerto 80 Has Not Established A Substantial Ground For
              Difference Of Opinion ............................................. 8

         D.    Puerto 80 Has Not Demonstrated That Exceptional Circumstances
              Exist To Justify Piecemeal Litigation .............................. 10

CONCLUSION .................................................................. 11

## INTRODUCTION

The Government respectfully submits this memorandum of law in opposition to the motion by claimant Puerto 80 Projects, S.L.U. ("Puerto 80") to amend and certify for interlocutory appeal the Court's December 6, 2011 ruling on Puerto 80's motion to dismiss, pursuant to Title 28, United States Code, Section 1292(b). For the reasons set forth below, Puerto 80's motion should be denied.

## BACKGROUND

This civil forfeiture action concerns two Internet domain names – rojadirecta.com and rojadirecta.org (collectively, the "Rojadirecta Domain Names") – seized by the U.S. Department of Homeland Security on or about February 1, 2011, pursuant to a warrant issued in the Southern District of New York by the Honorable Frank Maas, United States Magistrate Judge, who found probable cause to believe that the Rojadirecta Domain Names were subject to forfeiture because they had been used to commit and facilitate the commission of criminal copyright infringement, and because they contained evidence of that crime. On June 17, 2011, the Government commenced this in rem civil action by filing a complaint (the "Complaint"), which sought forfeiture of the Rojadirecta Domain Names pursuant to Title 18, United States Code, Sections 2323(a)(1)(A)-(B) as properties used or intended to be used to willfully infringe a copyright in violation of Title 18, United States Code, Section 2319.

On August 5, 2011, Puerto 80 filed a motion to dismiss the Complaint. Among other things, Puerto 80 argued (1) that the Complaint failed to allege that Puerto 80 had engaged in direct copyright infringement; and (2) that forfeiture of the Rojadirecta Domain Names was not supported by a theory of secondary liability for criminal copyright infringement. The Court

heard oral argument on December 6, 2011, and ruled that same day on Puerto 80's motion to dismiss. In granting that motion and dismissing the Complaint, the Court ruled that the Government had not sufficiently pled that the Rojadirecta Domain Names willfully infringed a copyright. (Dec. 6, 2011 Tr. at 40-41). In announcing its ruling, the Court did state, however:

> With respect to the second element, an "act of infringement," the government alleges that Rojadirecta Domain Names "purposefully aggregated extremely specific [illegal] content and actively organized the material in a focused, logical manner." The government's allegations at this stage are sufficient to show direct infringement because the Domain Names conduct involved a volitional aspect. Even if criminal copyright infringement cannot be based on allegations of "contributory infringement" – and I do not so hold – the government's allegations are still adequate. The government alleges that Rojadirecta Domain Names disseminated the copyrighted works by providing links which when clicked took the user to a new window bearing the URL "rojadirecta" that broadcast unlawful copies of live streaming events from another website. This is a sufficient allegation at this juncture that Rojadirecta Domain Names distributed the copyrighted works. That's in paragraph 14(c) of the complaint.

(Dec. 6, 2011 Tr. at 40). The Court also granted leave to amend, and accordingly, the Government filed an amended complaint (the "Amended Complaint") on January 6, 2012. At present, Puerto 80 has neither answered the Amended Complaint nor filed a motion to dismiss.[1]

---

[1] Purely as a matter of procedure, Puerto 80's motion is not properly brought at this time. Because this Court granted Puerto 80's motion to dismiss the Complaint, and the instant motion was filed before the Government filed and served its Amended Complaint, Puerto 80's request for certification of a question concerning a now-dismissed pleading could be denied as moot. Puerto 80 has not sought to challenge the Amended Complaint in any way, and this Court has thus had no occasion to consider the sufficiency of the allegations contained therein. Thus, on that basis alone, dismissal of Puerto 80's motion would be entirely proper.

2

## ARGUMENT

I. **PUERTO 80'S MOTION SHOULD BE DENIED FOR FAILING TO MEET THE STRINGENT REQUIREMENTS OF 28 U.S.C. § 1292(b)**

As set forth more fully below, Puerto 80 has not – because it cannot – establish that exceptional circumstances are present or otherwise overcome the strong presumption against interlocutory appeals. Moreover, Puerto 80's motion is wholly without merit because it simply fails to meet the stringent requirements of Section 1292(b) of Title 28. Simply put, Puerto 80 cannot convince this Court that the issue it seeks to have certified to the Second Circuit Court of Appeals (1) involves a question of pure law; (2) about which there is a substantial ground for difference of opinion; and (3) is so controlling that its resolution would materially advance the ultimate termination of this litigation. In light of these deficiencies, this Court should deny Puerto 80's motion.

There is a "firm congressional policy against interlocutory or 'piecemeal' appeals." Abney v. United States, 431 U.S. 651, 656 (1977). A narrow and limited exception to that policy is embodied in Title 28, United States Code, Section 1292(b), which provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).[2] Certification under this provision "is reserved for those cases where an

---

[2] The Second Circuit has repeatedly made clear that interlocutory appeals should be exceedingly rare. For instance, in Koehler v. Bank of Bermuda Ltd., 101 F.3d 863 (2d Cir. 1996), the Court of Appeals noted that in 1994 and 1995 combined, only 35 motions for leave to appeal were filed, and of those only 8 were granted. Id. at 866.

3

intermediate appeal may avoid protracted litigation, Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996), and "must be strictly limited to the precise conditions stated in the law," Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990); see also Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) ("Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases[,]" and, as a result, certification is proper only to "avoid protracted and expensive litigation").

"Additionally, the party seeking an interlocutory appeal has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment." In re Enron Corp., 2008 WL 281972, at *3 (S.D.N.Y. Jan. 25, 2008) (internal quotations omitted); see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment"). Even in cases where the party requesting certification meets the statutory criteria, the district court retains "broad discretion to deny certification." Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008).

Finally, the Second Circuit has held that challenges to the sufficiency of a pleading are not generally the appropriate subjects of interlocutory review, as "a reversal [on interlocutory appeal] at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter." Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir. 1959) (explaining further that "[i]t would seem axiomatic that appeals challenging pre-trial

4

rulings upholding pleadings against demurrer could not be effective in bringing nearer the termination of litigation; on the contrary, they only stimulate the parties to more and greater pre-trial sparring apart from the merits.").

Here, Puerto 80 cannot meet the stringent requirements of Section 1292(b) or argue the presence of exceptional circumstances to justify an interlocutory appeal.

### A. The Question Puerto 80 Seeks To Certify Does Not Present A Pure "Question of Law" Under Section 1292(b)

A threshold requirement for certification under Section 1292(b) is that the order to be certified presents a "question of law." A "question of law" as used in the statute "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Century Pac., Inc., 574 F. Supp. 2d at 371 (emphasis added) (internal quotations omitted); see also Ahrenzholz v. Bd. of Tr. of Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000) (same); Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (same); Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (Section 1292(b) is best suited for use in a dispute that involves "a narrow question of pure law whose resolution will be completely dispositive").

Mixed questions of law and fact, by contrast, are not appropriate for certification, as they necessarily would require the appellate court to review the record and apply the law to a specific set of facts. See S.E.C. v. First Jersey Sec., 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that where an appeal "would necessarily present a mixed question of law and fact, not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)"); see also Century Pac., Inc., 574 F. Supp. 2d at 371-72 (declining to certify

for interlocutory appeal because the order presented a mixed question of law and fact); In re Ambac Fin. Group, Inc. Sec. Litig., 693 F. Supp. 2d 241, 285 (S.D.N.Y. 2010) (same); Stone v. Patchett, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) (same); Morris v. Flaig, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007) (same); Freeman v. Nat'l Broad. Co., Inc., 1993 WL 524858, at *2 (S.D.N.Y. Dec. 15, 1993) (same); Weisman v. Darneille, 78 F.R.D. 671, 674 (S.D.N.Y. 1978) (same).

The question Puerto 80 asks this Court to certify – whether linking to another website by purposefully aggregating links to extremely specific content and actively organizing those links in a focused, logical manner satisfies the element of "copying" for direct copyright infringement under 17 U.S.C. § 506(a) – is not a pure legal question, as required by Section 1292(b), but rather a mixed question of law and fact. Answering the question Puerto 80 seeks to have certified necessarily requires a fact-specific inquiry into, among other things, the nature of the Rojadirecta website, what it is the website actually does, what purpose the owners of the website have in operating it, and how "linking" should be understood in this specific context. These are precisely the sorts of matters that the Government is entitled to develop through discovery. And only once discovery is completed can this Court – let alone the Court of Appeals – conclusively resolve the issue of whether the Rojadirecta website is committing direct copyright infringement. Because the question Puerto 80 seeks to certify does not involve a pure question of law, Puerto 80's motion should be denied.

### B. The Question Puerto 80 Seeks To Certify Is Not A "Controlling" Question of Law And Resolution Of This Dispute Will Not Materially Advance The Ultimate Termination Of This Litigation

Similarly, Puerto 80 has failed to establish another requirement of Section 1292(b), namely that the question it seeks to certify is a "controlling" question of law, the resolution of which would materially advance the ultimate termination of this litigation. A question of a law is "controlling" if reversal of the district court's order would either "terminate the action, or at a minimum . . . materially affect the litigation's outcome." Consub Delaware LLC, 476 F. Supp. 2d at 309; accord Klinghoffer, 921 F.2d at 25; Century Pac., Inc., 574 F. Supp. 2d at 372; SPL Shipping Ltd. v. Gujarat Cheminex Ltd., 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007); North Fork Bank v. Abelson, 207 B.R. 382, 289-90 (E.D.N.Y. 1997); see also Stout v. Illinois Farmers Ins. Co, 882 F. Supp. 776, 778 (S.D. Ind. 1994) ("A controlling question of law is a threshold issue which seriously affects the way that the court conducts the litigation (e.g., impacting whether or not the plaintiff has a cause of action under a particular statute)."). Moreover, as courts in this District have recognized, "[a]lthough technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." Securities and Exchange Commission v. Credit Bankcorp, Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citing Duplan Corp. v. Slaner, 591 F.2d 139, 148 n.11 (2d Cir. 1978)).

Even assuming that the Second Circuit were to answer the question Puerto 80 seeks to certify in the negative, that would not necessarily dispose of the instant forfeiture action. This is so because the Government's civil action is premised on multiple and alternative theories of

7

liability as a basis for forfeiture – namely, direct and accessory liability for criminal copyright infringement. In the event this Court ultimately ruled that the Government had not demonstrated direct liability as a basis for forfeiting the Rojadirecta Domain Names, that would still leave the yet unanswered question as to whether the Government's allegations of accessory liability could support such action. To be sure, this Court has not yet opined on whether the Government's civil action is also proper based on a theory of accessory liability. See Dec. 6, 2011 Tr. at 40 ("Even if criminal copyright infringement cannot be based on allegations of 'contributory infringement' – and I do not so hold – the government's allegations are still adequate."). As such, a resolution of this issue will not – as Puerto 80 would like to see occur – necessarily result in the termination of this in rem action. In fact, and quite to the contrary, an interlocutory appeal at this stage of the litigation is likely only to create an unjustified delay, and thereby frustrate Puerto 80's stated desire for a speedy resolution of this civil action.

### C. Puerto 80 Has Not Established A Substantial Ground For Difference Of Opinion

In failing yet again to satisfy the stringent requirements of Section 1292(b), Puerto 80 has not sufficiently demonstrated a "substantial ground for difference of opinion" in this matter to overcome the strong presumption against piecemeal litigation. The Second Circuit has been clear that "'[i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.'" In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (internal citation omitted) (emphasis in original). Moreover, the Second Circuit has noted that

8

"the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Id.

In ruling on Puerto 80's motion to dismiss, the parties called upon the Court to consider a question of first impression, namely whether certain property could be seized and forfeited by the Government because it was used to commit or facilitate the commission of criminal copyright infringement. Indeed, not a single case cited by Puerto 80 in support of its motion to dismiss the Complaint arose in the criminal context. Moreover, the second prong of § 1292(b), that there be "substantial ground for difference of opinion" on the issue, requires a "genuine doubt as to whether the district court applied the correct legal standard in its order." Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (citations omitted). Here, there is simply no basis for concluding that this Court's ruling was based on an incorrect application of the law.

Finally, the question Puerto 80 seeks to certify arose in the context of a ruling on a motion to dismiss. But as courts in the Second Circuit have noted, generally speaking, "rulings on the sufficiency of pleadings are not appropriate for interlocutory review." In re Lloyd's American Trust Fund Litigation, 1997 WL 458739, at 4-5 (S.D.N.Y. Aug. 12, 1997) (citing Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir.1959)). For all of these reasons, Puerto 80 cannot establish a "substantial ground for difference of opinion" under Section 1292(b).

### D.   Puerto 80 Has Not Demonstrated That Exceptional Circumstances Exist To Justify Piecemeal Litigation

The law is clear that district courts have broad discretion over applications pursuant to Section 1292(b), and may exercise that discretion to deny an application even when the statute's criteria are satisfied. Aspen Ford, Inc. v. Ford Motor Co., 2008 WL 163695 at *2 (E.D.N.Y. Jan.15, 2008). Because interlocutory appeals prolong judicial proceedings, add delay and expense, burden appellate courts, and present issues for review on incomplete records, a court should grant applications brought under Section 1292(b) only in exceptional circumstances. In re Flor, 79 F.3d 281, 284 (2d Cir.1996); Lothian Cassidy LLC v. Ransom, 2010 WL 3767617 at *1 (E.D.N.Y. Sept.17, 2010).

Puerto 80 has also failed to demonstrate that this case presents the requisite "exceptional circumstances" to warrant certification. To the contrary, to permit review here is to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Such a result would conflict with the long-standing general rule disfavoring piecemeal litigation. Moreover, appeal at this stage of the litigation, before full development of the facts, would significantly undermine the ability of the trial and appellate courts to fully consider the novel issues presented in this litigation. See, e.g., State of California v. Harvier, 700 F.2d 1217, 1219 (9th Cir.1983) ("[W]hen a legal question 'has serious consequences and is an issue upon which there is a diversity of opinions ... [t]he developmental process before the district court would provide [the court of appeals] with a better foundation upon which to make [its] decision.'" (quoting Quechan Tribe v. Rowe, 531 F.2d 408, 412 (9th Cir.1976) (Wallace, J., concurring))); Allied Princess Bay Co. v. Atochem N. Am., Inc., 1992 WL 135235, at *2 (E.D.N.Y. May 29,

1992) ("[I]nterlocutory appeal is currently inappropriate because the facts of the case have not yet fully developed. Judicial economy would not be advanced by appellate review at this time."). Simply put, Puerto 80 has offered no compelling reason why the Second Circuit would be unable to review this issue on appeal following entry of a final judgment in this case after the development of a full factual record. Indeed, that would be the decidedly preferable course, and is wholly consistent with the firm congressional policy against interlocutory appeals.

## CONCLUSION

For the foregoing reasons, Puerto 80's motion to amend and certify, pursuant to 28 U.S.C. § 1292(b), the Court's December 6, 2011 ruling on Puerto 80's motion to dismiss the Complaint should be denied.

Dated: New York, New York
       January 20, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: /s/ Christopher D. Frey
    Christopher D. Frey
    Andrew D. Goldstein
    Assistant United States Attorneys
    One Saint Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2270/1559
    Fax: (212) 637-2620