# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>   v.<br><br>THE FOLLOWING DOMAIN NAMES:<br><br>ROJADIRECTA.ORG, and<br>ROJADIRECTA.COM,<br><br>                      Defendants *in rem*. | Civil Action No. 1:11-cv-04139-PAC<br><br>**REPLY IN SUPPORT OF CLAIMANT PUERTO 80 PROJECTS, S.L.U.'S MOTION TO AMEND AND CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)** |

**I.     PROCEDURAL STATUS**

Following Puerto 80 Projects, S.L.U.'s ("Puerto 80") filing of this Motion to Amend and Certify Order on Motion to Dismiss for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF Nos. 32-33) ("Motion"), the government filed a Verified Amended Complaint on January 6, 2012. (ECF No. 35.) On January 23, 2012, Puerto 80 requested a pre-motion conference seeking permission to file a motion to dismiss the government's amended complaint. As Puerto 80 set forth in its request, the amended complaint clarifies the government's theory of infringement insofar as it asserts that Puerto 80 directly infringed copyright holders' distribution rights by linking to unauthorized copies of works hosted on third-party sites, and that the Rojadirecta defendant domain names were used to commit or facilitate that alleged direct infringement. The amended complaint further clarifies that the government is not alleging that Rojadirecta itself hosted any of the content alleged to have been infringed, and acknowledges that the Rojadirecta site contains a substantial amount of content that the government does not contend was used to make infringing content available. As Puerto 80 intends to argue in its motion to dismiss, the government's allegations remain legally deficient because, among other reasons, they do not state a claim for direct copyright infringement, and only direct infringement—and not any accessory theory of liability—can support a forfeiture action based on criminal copyright infringement as a matter of law.

Puerto 80 recognizes that the instant Motion may be mooted by the Court's ruling on Puerto 80's proposed motion to dismiss the government's amended complaint. However, it filed this Motion in order to preserve its ability to request, pursuant to 28 U.S.C. § 1292(b), that the Court certify its order and in particular, its ruling that the government sufficiently alleged direct infringement. If the Court grants Puerto 80 permission to challenge the legal validity of the

amended complaint, Puerto 80 will request certification of that order, should the Court deny its forthcoming motion to dismiss.

## II. SHOULD PUERTO 80'S REQUEST TO FILE A MOTION TO DISMISS BE DENIED, THIS MOTION SHOULD BE GRANTED

In the unlikely event that the Court denies Puerto 80 permission to file a motion to dismiss the amended complaint, the Court should grant this Motion and certify its ruling that the government's allegations sufficiently to state a claim of direct liability under 17 U.S.C. § 506(a). The government's opposition goes on at length about the stringency of the § 1292(b) standard and even goes so far as to say that the Second Circuit has held that § 1292(b) is inapplicable to motions to dismiss.  In fact, the Second Circuit has held that an interlocutory appeal at the motion to dismiss stage is appropriate, and courts within the Second Circuit have certified their rulings at the motion to dismiss stage numerous times.  *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23-25 (2d Cir. 1990) (granting interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on a motion to dismiss—in a ruling that cites to *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)); *New York v. Gutierrez*, 623 F. Supp. 2d 301, 315 (E.D.N.Y. 2009) *rev'd sub nom. New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524 (2d Cir. 2010) (noting that § 1292(b) creates an exception to the general rule that the a denial of a motion to dismiss is ordinarily considered non-final, and therefore not immediately appealable); *Kiobel v. Royal Dutch Petroleum Co.*, 456 F. Supp. 2d 457, 468 (S.D.N.Y. 2006), *aff'd in part, rev'd in part*, 621 F.3d 111 (2d Cir. 2010) (certifying ruling on a motion to dismiss).

As to the rarity of § 1292(b), the government's citation to *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) for the proposition that the Second Circuit granted 8 of 35

(*i.e.*, about a quarter) interlocutory appeals over a particular two-year span, doesn't tell the full story. The preceding sentence notes:

> Professor Wright points out that only about 100 cases a year are certified under § 1292(b), and of these only half are allowed. Charles A. Wright, *Law of Federal Courts,* § 102, at 758 (5th ed. 1994).

*Koehler*, 101 F.3d at 866. More fundamentally, the government's argument makes a fundamental error about statistics: the fact that half (or even a quarter) of petitions have merit tells one nothing about whether a single petition is meritorious. On the merits, this case presents an appropriate occasion to invoke § 1292(b).

        A.        **There Is A Controlling Question of Law.**

The government's contention that whether Puerto 80 is "purposefully aggregating links to extremely specific content and actively organizing those links in a focused, logical manner" requires a factual inquiry, is spurious. Government's Memorandum of Law in Opposition to Claimant Puerto 80 Projects, S.L.U.'s Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 38) ("Opp'n") at 6. For purposes of allowing the Court to test the legal sufficiency of the complaint, Puerto 80's Motion to Dismiss (ECF Nos. 17-18) did not deny the allegations of the complaint (nor will Puerto 80's forthcoming motion to dismiss deny the allegations of the amended complaint), nor did it ask the Court to resolve any factual issues. Instead, Puerto 80 argued that, even if the allegations were true, hosting links to another website that may contain infringing material cannot establish direct infringement as a matter of law. Whether or not that could serve as a basis for a civil claim for contributory or vicarious copyright liability is irrelevant, because only direct criminal copyright infringement can support a claim for forfeiture. Thus, there is no need to develop any facts to resolve this question.

Indeed, resolution of whether Puerto 80 is liable for direct infringement may dispose of

3

this case entirely, thereby making this case appropriate for certification pursuant to § 1292(b). *See Gutierrez*, 623 F. Supp. 2d at 316 ("In determining whether a controlling question of law exists, 'the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." (citations omitted)); *see, e.g.*, *Klinghoffer*, 921 F.2d at 24 (ruling on a question of subject matter jurisdiction and stating that "it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."); *Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 536 (S.D.N.Y. 2005) ("We agree … that the jurisdictional issue in this case is controlling.").

The government also contends that, even if the Second Circuit were to agree with every other Court that has ruled on this issue and hold that Puerto 80 cannot be directly liable for copyright infringement, the case would not be resolved because the government is also alleging "accessory liability." (Opp'n at 7-8.) But as set forth in the motion to dismiss (as well as in Puerto 80's forthcoming motion to dismiss), at most, linking to infringing material may, depending on the circumstances, support civil copyright liability for contributory or other indirect copyright infringement. (ECF No. 18 at 6-7.) However, there is no statutory criminal offense for contributory copyright infringement. Nor can the government plead accessory liability as a basis for forfeiture as a matter of law because the civil forfeiture statute does not permit seizure of property used to commit aiding and abetting of criminal copyright infringement. *See* 18 U.S.C. § 2323 (specifying bases for civil forfeiture).

**B.  There Is Substantial Ground for Difference of Opinion.**

The government's opposition makes clear why this case is appropriate for interlocutory appeal: there is not a single citation for the proposition that a website operator can be found

4

liable for direct copyright infringement by virtue of hosting links to infringing content. This is in stark contrast to the wealth of authority cited in Puerto 80's motion to dismiss, and in this Motion, to the contrary. Thus, whether linking can establish direct infringement under copyright law is not a question of first impression as the government posits. Rather, that question has been decided in the negative time and time again.[1]

The government's attempt to call attention away from the issue on which this Court's Order has created a substantial ground for difference of opinion is as obvious as it is misguided. The government attempts to reframe the issue as "whether certain property could be seized and forfeited by the Government because it was used to commit or facilitate the commission of criminal copyright infringement." (Opp'n at 9.) But that question assumes the commission of the predicate act—*i.e.*, criminal copyright infringement—and therefore is futile. The real question is whether the government has alleged criminal copyright infringement. As numerous courts other than this one have held, Puerto 80's conduct—hosting links to other websites which may contain infringing content—cannot establish direct copyright infringement as a matter of law. And as set forth in this Motion, the Second Circuit has not had an opportunity to rule on

---

[1] *See CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 546 (4th Cir. 2004) ("Because LoopNet, as an Internet service provider, is simply the owner and manager of a system used by others who are violating CoStar's copyrights and is not an actual duplicator itself, it is not *directly* liable for copyright infringement." (emphasis in original).) *Accord Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 717 (9th Cir. 2007) (party from whose site content is actually transmitted and subsequently displayed on the end-user's screen is responsible for display, not search engine that merely links to that content); *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1202 n.12 (N.D. Cal. 2004) ("hyperlinking per se does not constitute direct copyright infringement because there is no copying"); *Arista Records, Inc. v. MP3Board, Inc.*, No. 00 CIV. 4660(SHS), 2002 WL 1997918, at *4 (S.D.N.Y. Aug. 29, 2002) (linking to content does not implicate distribution right and thus, does not give rise to liability for direct copyright infringement); *Ticketmaster Corp. v. Tickets.com, Inc.*, 54 U.S.P.Q.2d 1344, 1346 (C.D. Cal. 2000) ("[H]yperlinking does not itself involve a violation of the Copyright Act (whatever it may do for other claims) since no copying is involved. . . ."); *Bernstein v. JC Penney, Inc.*, No. 98-2958 R EX, 1998 WL 906644, at *1 (C.D. Cal. Sept. 29, 1998) (granting motion to dismiss on the ground that hyperlinking cannot constitute direct infringement).

this issue, thus creating (at most) a substantial ground for difference of opinion. *See Yerushalmi v. Shiboleth*, 405 B.R. 44, 48 (E.D.N.Y. 2009) ("[f]or there to be substantial grounds for difference of opinion regarding an issue, it must involve more than strong disagreement between the adversary parties .... [f]or example', there are substantial grounds for difference of opinion when the issue is 'difficult and of first impression'") (quoting *North Fork Bank v. Abelson*, 207 B.R. 382, 390 (E.D.N.Y. 1997) and *Klinghoffer*, 921 F.2d at 25).

> ### C. Certifying This Question Will Advance the Ultimate Termination of the Litigation.

The government doesn't (because it can't) dispute that resolving whether it has a valid legal claim against Puerto 80 will advance the ultimate termination of this litigation. "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'" *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 p. 432 (2d ed. 1996)). In *Klein*, the Court held that granting certification would advance the ultimate termination of the litigation because:

> Although an interlocutory appeal could delay resolution of this process, it could prevent an even greater delay and much wasted expense. Proceeding with the case where the possibility exists that this Court lacks jurisdiction could force plaintiffs to try this case twice, once in federal court and again in state court. Such a scenario violates the spirit of the TCPA. Consequently, we are inclined to weigh this factor in favor of granting the interlocutory appeal.

*Klein*, 399 F. Supp. 2d at 536-37; *see also Gutierrez*, 623 F. Supp. 2d at 317 (1292(b) requirements met where "certification and reversal of the order allowing intervenor-plaintiffs to proceed against ASMFC would result in dismissal of all claims against ASMFC, eliminating the only non-federal defendant and all state law issues from the case[;] [i]t would also substantially

6

narrow the scope of potential relief available to plaintiffs.").

Instead, the government argues that even if the "linking can constitute direct infringement" theory on which this Court based its ruling is reversed, that will not dispose of the litigation because the government may advance a different theory – one of "accessory liability for criminal copyright infringement." (Opp'n at 7-8.) That argument fails for at least two reasons. *First*, as explained in Section II.A, above, accessory liability for criminal copyright infringement – even if it exists – does not support a claim of forfeiture (which is probably why the government hasn't pled it in either it original or amended complaints). *Second*, even were such a theory viable, a clear ruling that the government's direct infringement theory is invalid as a matter of law would *advance* the litigation, because it would make clear that the government has to proceed on a very different theory than the one it has pled and on which it apparently intends to proceed.

Thus, a reversal of the Court's ruling that the government sufficiently alleged that Puerto 80 is liable for direct copyright infringement has a high likelihood of ending this case or at the very least advancing its ultimate disposition, by allowing the Second Circuit to rule that the government cannot proceed under its current theory as a matter of law.

### III. CONCLUSION

Puerto 80 believes that this Motion may be rendered moot if the Court grants Puerto 80 permission to file a motion to dismiss the government's amended complaint. If the Court denies Puerto 80's forthcoming motion to dismiss, Puerto 80 intends to request certification of that order. Thus, Puerto 80 filed this Motion to preserve its ability to make that request. In the event the Court does not grant Puerto 80 leave to file a motion to dismiss, for the foregoing reasons, Puerto 80 respectfully requests the Court to amend its order to state that the requirements of 28 U.S.C. § 1292(b) have been satisfied, and certify for appeal to the Second Circuit the controlling

legal question of whether linking to another website—by purposefully aggregating links to extremely specific content and actively organizing those links in a focused, logical manner—satisfies the element of "copying" sufficient to state a claim for direct copyright infringement under 17 U.S.C. § 506(a).

                                        Respectfully submitted,

                                        DURIE TANGRI LLP

Dated:  January 30, 2012                    By:  /s/ *Johanna Calabria*
                                                            Johanna Calabria

| | |
|---|---|
| | Mark A. Lemley (*Pro Hac Vice*) |
| David Spears | Ragesh K. Tangri (*Pro Hac Vice*) |
| Charlita Mays | Johanna Calabria (SBN JC3915) |
| SPEARS & IMES LLP | Genevieve P. Rosloff (*Pro Hac Vice*) |
| 51 Madison Avenue, 25th Floor | 217 Leidesdorff Street |
| New York, NY 10010 | San Francisco, CA  94111 |
| Tel. (212) 213-6996 | Tel. (415) 362-6666 |
| | |
| *Attorneys for Claimant* | *Attorneys for Claimant* |
| PUERTO 80 PROJECTS, S.L.U. | PUERTO 80 PROJECTS, S.L.U. |