## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>THE FOLLOWING DOMAIN NAMES:<br><br>ROJADIRECTA.ORG, and<br>ROJADIRECTA.COM,<br><br>                 Defendants *in rem*. | Civil Action No. 1:11-cv-04139-PAC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Claimant Puerto 80 Projects, S.L.U. ("Puerto 80") respectfully submits this Notice of Supplemental Authority to apprise the Court of a recently-issued decision, *Flava Works, Inc. v. Gunter*, --- F.3d ----, 2012 WL 3124826 (7th Cir. Aug. 2, 2012), which bears directly on Puerto 80's pending motion to dismiss the Amended Complaint.  A copy of the opinion is attached hereto as Exhibit A.

In *Flava Works*, the Seventh Circuit held that the mere act of providing links to streaming videos hosted elsewhere on the Internet did not encourage or assist copyright infringement.  2012 WL 3124826, at *6-8.  The court concluded that that the plaintiff was not likely to succeed on its claim that the "myVidster" website was liable for direct or contributory copyright infringement by hosting and embedding links to infringing copies of the plaintiff's videos, which were not hosted by myVidster.

The *Flava Works* opinion supports the position that the seized domain names are neither committing, enabling or assisting infringement by engaging in the conduct alleged by the government in the Amended Complaint.  The Seventh Circuit explained that because watching a streaming video is not infringement (any more than sneaking into a theater and watching a copyrighted movie is infringement), providing a link to where a streaming video is hosted does not encourage or assist infringement.  2012 WL 3124826, at *4.  Because myVidster's linking did not have any effect on the amount of infringement, the plaintiff was unlikely to succeed on the merits of its claim, notwithstanding that myVidster knew that "some of the videos bookmarked on its site infringe copyright."  *Id.,* at *5.

Additionally, *Flava Works* supports Puerto 80's argument that the seizure (and any ultimate forfeiture) shuts down entirely lawful expressive activities that are protected by the First Amendment.

We appreciate the Court's attention to this additional authority.

|  |  |
|---|---|
| Dated:  August 8, 2012 | Respectfully submitted,<br><br>DURIE TANGRI LLP<br><br>By:       */s/ Ragesh K. Tangri*       <br>         Ragesh K. Tangri<br><br>Mark A. Lemley (*Pro Hac Vice*)<br>Ragesh K. Tangri (*Pro Hac Vice*)<br>Johanna Calabria (SBN JC3915)<br>Genevieve P. Rosloff (*Pro Hac Vice*)<br>217 Leidesdorff Street<br>San Francisco, CA  94111<br>Tel. (415) 362-6666<br><br>*Attorneys for Claimant*<br>PUERTO 80 PROJECTS, S.L.U. |